FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 13 PM 2: 22

CLERK _J. LaVictoire_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANGEL I. RAMIRO,

    Petitioner,

vs.

JOSE M. VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-199

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Angel Ramiro ("Ramiro"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Ramiro has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Ramiro was indicted in the Middle District of Florida on one count of conspiracy to distribute five kilograms or more of cocaine and marijuana and on one count of attempting to possess with intent to distribute marijuana, in violation of 18 U.S.C. § 846. Ramiro was convicted on both counts after a jury trial and was sentenced to 236 months' imprisonment and five years' supervised release. (Doc. No. 1, Ex. C; Doc. No. 6, pp. 1-2.) Ramiro filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Ramiro, 65 F.3d 181 (11th Cir. 1995) (Table).

AO 72A
(Rev. 8/82)

Ramiro filed a motion to amend and supplement the pleadings. The Middle District of Florida District Court docketed this pleading as a motion filed pursuant to 28 U.S.C. § 2255, and the motion was denied. (3:93-cr-00152, Doc. Nos. 97 and 98.) Ramiro filed a section 2255 motion, which the Middle District of Florida District Court dismissed. (3:93-cr-00152, Doc. Nos. 101 and 107.) The Eleventh Circuit dismissed Ramiro's appeal. Ramiro filed an application for leave to file a successive § 2255 motion; the Eleventh Circuit denied his application. (3:93-cr-00152, Doc. No. 128.) Ramiro then filed a motion to correct jurisdictional defects, which the Middle District of Florida District Court denied, as well as Ramiro's motion for reconsideration. (3:93-cr-00152, Doc. Nos. 139-41.) Ramiro filed a notice of appeal; the Middle District of Florida denied him a certificate of appealability. The Eleventh Circuit denied Ramiro a certificate of appealability.[1]

In the instant petition, Ramiro contends that the indictment in his criminal prosecution was defective because the Government was able to obtain a conviction based on facts different than those charged. Ramiro asserts that his sentence violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Ramiro also asserts that he is actually innocent of the crime for which he was sentenced because the trial court did not allow the jury to determine his guilt and accepted the Government's allegations to determine his punishment.

Respondent avers that Ramiro's petition fails for two (2) reasons and should be

---

[1] At the time Respondent's Motion to Dismiss was filed, Ramiro's appeal was pending. The Eleventh Circuit entered its Order denying Ramiro a certificate of appealability on January 19, 2006. (Case No. 05-14022-G.) It is, therefore, unnecessary to address the portion of Respondent's Motion to Dismiss that this Court lacks jurisdiction in this case.

2

dismissed. First, Respondent contends that Ramiro has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely and Booker do not apply retroactively to cases on collateral review. (Doc. No. 6, p. 5.)

### DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Ramiro has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

inadequate or ineffective to challenge the legality of his detention because he has not been afforded the opportunity to have his previous section 2255 motions addressed.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances.  See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).  None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255.  The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

4

Ramiro largely bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Ramiro was sentenced in the Middle District of Florida on February 25, 1994, and his conviction and sentence were affirmed on August 15, 1995. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Ramiro to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). In addition, the Eleventh Circuit Court of Appeals has determined that Booker does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).

Ramiro has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the courts in his previously filed matters rejected Ramiro's claims does not render section 2255's remedy inadequate or ineffective. Ramiro has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Accordingly, it is not necessary to address his actual innocence claim. See id. at n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

AO 72A
(Rev. 8/82)

Ramiro cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Ramiro is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**, and Ramiro's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)