IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANGEL I. RAMIRO,

    Petitioner,

vs.

JOSE M. VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-199

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. Ramiro's Objections are largely reassertions of the claims set forth in his original petition. Ramiro avers that his sentence was imposed unlawfully, in violation of his constitutional rights. Ramiro asserts that he was foreclosed from bringing his claims during his trial and on direct appeal due to the courts' "mistaken intervening statutory interpretation." (Doc. No. 10, p. 1.) Ramiro alleges that he is actually innocent of being involved in a conspiracy to distribute cocaine. Ramiro also alleges that any court can make the holding of a United States Supreme Court case retroactively applicable to cases on collateral review.

The undersigned presumes that Ramiro's allegation that any court can make the holding of a Supreme Court case retroactively applicable to cases on collateral review is

AO 72A
(Rev. 8/82)

based, at least in part, on the Eleventh Circuit Court of Appeals' decision in Dodd v. United States, 365 F.3d 1273 (11th Cir. 2004). In Dodd, the court stated that, within the meaning of 28 U.S.C. § 2255, ¶6(3), once the Supreme Court has rendered a decision which creates a newly recognized right, any court "other than the Supreme Court can make the retroactivity decision for purposes of" this Code section. Dodd, 365 F.3d at 1278. Section 2255, ¶6(3) provides that a prisoner must file his federal habeas petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255, ¶6(3) (Emphasis added). The statute of limitation period begins to elapse for purposes of this Code section from the date the Supreme Court initially recognizes a new right. However, "§ 2255[,¶6](3) provides a narrow exception which can be relied upon *only* when the new right recognized by the Supreme Court can be retroactively applied on collateral review." Dodd, 365 F.3d at 1279 (Emphasis supplied).

The Dodd case pertains to situations in which the statute of limitation period is implicated by a court's retroactive application of a new rule announced in a Supreme Court decision to cases on collateral review. However, as the Magistrate Judge noted in his Report, the Eleventh Circuit has determined that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Dodd is inapplicable to the instant proceeding.

2

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Ramiro's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this _28_ day of _March_, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)